# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JERRY BROWN, <br><br> Defendant. | 8:15CR299 <br><br> MEMORANDUM <br> AND ORDER |

This matter is before the Court on the Findings and Recommendation (Filing No. 46), issued by Magistrate Thomas D. Thalken recommending that the Motion to Suppress filed by the Defendant Jerry Brown ("Defendant") (Filing No. 19), be denied. Defendant filed Objections to the Findings and Recommendation and a supporting brief (Filing No. 47) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The Government responded (Filing No. 49) to the Objections. For the reasons set forth below, the Findings and Recommendation will be adopted, and the Motion to Suppress will be denied.

## BACKGROUND

Defendant is charged with one count of possessing with intent to distribute five grams or more of actual methamphetamine. (Indictment, Filing No. 1.) Defendant moves to suppress any evidence seized and any statements Defendant made to law enforcement during an encounter on or about March 25, 2015. Defendant has not objected to the Magistrate Judge's factual findings, and the Court adopts those findings and incorporates them into this Memorandum and Order. The Court provides the following by way of summary:

On March 25, 2015, Officer Chad Smith ("Officer Smith"), Officer Matthew Hultquist ("Officer Hultquist"), and Investigator Christian Frerichs ("Investigator Frerichs") were investigating narcotic-related activities in Fremont, Nebraska. The officers were in an unmarked car and dressed in street clothes. In the course of their investigation, the officers observed a white Chevy Equinox. The officers observed that the Chevy Equinox was occupied by Kathryn Smolinski ("Smolinski") and man. Investigator Frerichs had information that Smolinski was involved in the distribution of narcotics.

The officers observed the Chevy Equinox travel to a duplex in Fremont linked to drug trafficking. Officers believed the male in the Chevy Equinox had completed a drug transaction with Smolinski and was about to complete another transaction. As the officers were watching the Chevy Equinox, Defendant exited the duplex. Officer Smith exited his car to approach Defendant. Officer Smith was wearing cargo shorts and a sweatshirt. Officer Smith was armed, though his weapon was concealed. Officer Smith displayed his badge and asked if he could speak with Defendant. Defendant said "okay." Officer Smith then asked for identification, which Defendant provided.

Shortly thereafter, Investigator Frerichs approached Defendant and asked him if he had any methamphetamine on him. Defendant said that he did not. Investigator Frerichs asked Defendant if Investigator Frerichs could perform a pat-down search of Defendant. Defendant responded that Investigator Frerichs could perform a pat-down. Before the pat-down, Investigator Frerichs asked Defendant to remove items from his pockets. Defendant removed an empty cigarette pack. Investigator Frerichs asked again if he could perform a pat-down of Defendant. Defendant agreed and said "yes."

2

During the pat-down, Investigator Frerichs felt a packet in Defendant's pocket and asked Defendant if it was dope. Defendant replied, "you know what it is." Investigator Frerichs asked Defendant to remove the packet and Defendant complied. The packet contained a white crystal-like substance. The officers took the packet and allowed Defendant to leave the scene. None of the officers displayed a weapon at any time.

The Magistrate Judge concluded that, based on the totality of the circumstances, Defendant consented to the pat-down that yielded the packet of white powder. The Magistrate Judge found that the tone of the encounter was cooperative and that Defendant was not in custody when he made statements to Investigator Frerichs. Defendant objects to the Magistrate Judge's legal conclusions that the encounter was consensual. Defendant argues that law enforcement unlawfully detained Defendant without reasonable suspicion.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendants have objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**DISCUSSION**

The Defendant argues that law enforcement seized and searched him, and that the search and seizure was unsupported by reasonable suspicion. The Fourth Amendment demands that people shall "be secure in their persons, houses, papers,

and effects, against unreasonable searches and seizures, . . . and no Warrants shall issue, but upon probable cause. . . ." U.S. Const., amend. IV. "The Fourth Amendment 'is not triggered by a consensual encounter between an officer and a private citizen.'" *United States v. Aquino*, 674 F.3d 918, 923 (8th Cir. 2012) (quoting *United States v. Villa–Gonzalez,* 623 F.3d 526, 531 (8th Cir. 2010)). An encounter is consensual unless, "in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Grant*, 696 F.3d 780, 784 (8th Cir. 2012). Courts evaluate several factors when assessing consent under the totality of the circumstances:

> Officers positioning themselves in a way to limit the person's freedom of movement, the presence of several officers, the display of weapons by officers, physical touching, the use of language or intonation indicating compliance is necessary, the officer's retention of the person's property, or an officer's indication the person is the focus of a particular investigation.

*Aquino*, 674 F.3d at 923 (quoting *United States v. Griffith,* 533 F.3d 979, 983 (8th Cir. 2008)). "[T]he determination of whether a reasonable officer would believe that [a defendant] consented is a question of fact, subject to review for clear error." *United States v. Quintero-Felix*, 714 F.3d 563, 568 (8th Cir. 2013) (quoting *United States v. Guerrero,* 374 F.3d 584, 588 (8th Cir. 2004)).

The evidence in the record demonstrates that Defendant was not seized within the meaning of the Fourth Amendment. Officer Smith initially approached Defendant and asked him questions. By initiating the encounter in this manner, Officer Smith did not seize Defendant for Fourth Amendment purposes. *See United States v. Hayden*, 759 F.3d 842, 846 (8th Cir.) *cert. denied,* 135 S. Ct. 691 (2014) ("[A] seizure does not occur simply because a police officer approaches an individual and asks a few

4

questions.") (quoting *Florida v. Bostick,* 501 U.S. 429, 434 (1991)). Nor did Officer Smith trigger the Fourth Amendment by requesting to see Defendant's identification. See *United States v. Carpenter*, 462 F.3d 981, 985 (8th Cir. 2006) ("A request to see identification is not a seizure, 'as long as the police do not convey a message that compliance with their request[ ] is required.'") (quoting *Bostick,* 501 U.S. at 435). The evidence shows that Officer Smith approached Defendant in a public place and used a casual speaking tone. Officer Smith did not put his hands on Defendant or restrain him in any way. Although Officer Smith was armed, he did not display his weapon. Defendant agreed to speak with Officer Smith and freely answered his questions. The evidence supports the Magistrate Judge's conclusion that the tone of the exchange with Officer Smith was cooperative.

The record also supports the Magistrate Judge's conclusion that Defendant voluntarily consented to the pat-down search. "A consent search is reasonable under the Fourth Amendment." *Wall v. Stanek*, 794 F.3d 890, 893 (8th Cir. 2015). "Consent is voluntary if it is the product of an essentially free and unconstrained choice by its maker, rather than the product of duress or coercion, express or implied." *United States v. Cisneros–Gutierrez,* 598 F.3d 997, 1003 (8th Cir. 2010) (internal marks and citation omitted). "Whether consent was voluntarily given turns on a variety of factors, including a defendant's age, intelligence, and education; whether he cooperates with police; his knowledge of his right to refuse consent; and his familiarity with arrests and the legal system." *United States v. Bearden*, 780 F.3d 887, 895 (8th Cir. 2015) (citing *United States v. Escobar,* 389 F.3d 781, 785 (8th Cir. 2004)). Additional relevant factors include:

> [T]he environment in which consent was given and whether the police threatened, intimidated, punished, or falsely promised something to the defendant; whether the defendant was in custody or under arrest when consent was given and, if so, how long he had been detained; and whether consent occurred in a public or secluded area.

*Id.*

The evidence shows that Defendant was not threatened, punished, intimidated, or promised anything for his consent. Investigator Frerichs spoke to Defendant in a conversational tone and made no demands. Neither Investigator Frerichs nor Officer Smith blocked Defendant's exit, nor did they touch Defendant or show their weapons. The record indicates that Defendant had been cooperative with officers from the first contact. Defendant is an adult and the evidence shows he communicated effectively with the officers at all relevant times. Defendant consented to the search after only brief questioning in a public place. During the encounter, Defendant was never restrained nor told he was not free to leave. At no time did Defendant object to the encounter or the pat-down search. Based on the record, the Magistrate Judge did not err in concluding that prior to the discovery of the methamphetamine, the encounter and pat-down were consensual.

## CONCLUSION

For the reasons discussed, the Findings and Recommendation will be adopted, and the Motion to Suppress will be denied.

IT IS ORDERED:

1. The Findings and Recommendation (Filing No. 46), issued by Magistrate Thomas D. Thalken, are adopted;

2. The Motion to Suppress filed by the Defendant Jerry Brown (Filing No. 19) is denied; and

3. The Defendant's Objections to the Findings and Recommendation (Filing No. 47) are overruled.

Dated this 31st day of March, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge